### MINSKY v. WELLER et al.

#### (Supreme Court, Appellate Term. May 7, 1909.)

1. LANDLORD AND TENANT (§ 303*)—SUMMARY PROCEEDINGS—JURISDICTION.

As a prerequisite to the exercise of jurisdiction in summary proceedings, every requirement of the statute must be strictly observed and every essential affirmatively alleged.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1303; Dec. Dig. § 303.*]

2. LANDLORD AND TENANT (§ 303*)—SUMMARY PROCEEDINGS—SUFFICIENCY OF PETITION—"FACTORY"—"TENANT FACTORY."

Labor Law (Laws 1906, p. 303, c. 178) § 94, as amended by Laws 1908, p. 1217, c. 426, provides that the lessee or tenant of any part of a tenant factory shall permit the owner, etc., to enter upon the premises whenever necessary to comply with provisions of law, and his failure or refusal to do so shall be cause for dispossessing as provided in the Code of Civil Procedure, and whenever by the terms of a lease any lessee or tenant shall have agreed to comply with or carry out any of such provisions his failure or refusal so to do shall be cause for dispossessing him by summary proceedings. The Code of Civil Procedure does not mention the labor law or any of its provisions as a cause for dispossessing a tenant. Labor Law 1897, p. 462, c. 415) § 2, defines the term "factory." Section 94, as amended by Laws 1908, p. 1217, c. 426, defines a "tenant factory." All the powers under the act which are given to the Commissioner of Labor or those acting under his authority to prescribe regulations or require alterations and improvements have reference to the factory or the tenant factory. *Held* that, as the power of the Commissioner of Labor is derived solely from the statute, summary proceedings under the labor law for noncompliance with requirements of the commissioner can only be instituted against the tenant of a factory or tenant factory, and a petition in such a proceeding describing the premises by street number and location, but silent as to the character of the building or the uses to which it was put, was fatally defective, and did not give the Municipal Court jurisdiction.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 303.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Summary proceedings by Louis Minsky, as agent of Esther Minsky and another, landlords, against Joseph Weller and others, tenants. Judgment for the tenants, and the landlords appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Matthias Radin, for appellants.
Goldfogle, Cohn & Lind, for respondents.

GOFF, J. At the threshold there is presented the question: Does the petition state facts sufficient to warrant the Municipal Court assuming jurisdiction? It is now firmly established by the law as an inflexible rule that as a prerequisite to the exercise of jurisdiction in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

summary proceedings every requirement of the statute must be strictly observed. Nothing can be taken by implication, but every essential must be affirmatively alleged. The statute under which petitioner proceeded is known as the "Labor Law" (Laws 1897, p. 461, c. 415). Section 94 (Laws 1906, p. 303, c. 178), as amended by section 2, c. 426, p. 1217, of the Laws of 1908, contains this language:

"The lessee or tenant of any part of a tenant factory shall permit the owner, his agents and servants to enter and remain upon the demised premises whenever and so long as may be necessary to comply with the provisions of law, * * * and his failure or refusal so to do, shall be a cause for dispossessing * * * as provided in the Code of Civil Procedure. And whenever by the terms of a lease any lessee or tenant shall have agreed to comply with or carry out any of such provisions, his failure or refusal so to do, shal¹ be a cause for dispossessing said tenant by summary proceedings."

In the latter sentence the words "any of such provisions" manifestly refer to and are governed by the words in the preceding sentence, "the provisions of law." It then becomes necessary to ascertain what are "the provisions of law." Examination of title 2 of the Civil Code relating to summary proceedings fails to disclose any mention of or reference to the labor law or any of its provisions as "a cause" for dispossessing a tenant. Recourse, therefore, must be had to the labor law for the cited "provisions of law." Section 2, defining terms, says:

"The term 'factory' * * * shall be construed to include also any mill, workshop or other manufacturing or business establishment where one or more persons are employed at labor."

Chapter 178 of the Laws of 1906, amended in 1908, added to the labor law a new section—94—quoted above which defines a "tenant factory" as:

"A building, separate parts of which are occupied and used by different persons, companies or corporations, and one or more of which parts is so used * * * as to constitute a factory."

All the powers under the act which are given to the Commissioner of Labor or those acting under his authority to prescribe regulations or require alterations and improvements have reference to the factory or the tenant factory. His power is derived solely from the statute. He cannot interfere with or exercise any supervision whatever over any building or premises, or the tenant of such, except the factory building or premises defined and described by the statute. It follows that summary proceedings to dispossess for noncompliance with the requirements of the Commissioner of Labor can only be instituted against the tenant of a factory or tenant factory, and that fact must be affirmatively alleged in the petition; for without it the court could not acquire jurisdiction. This petition describes the premises by street number and location, but is absolutely silent as to the character of the building or the uses to which it is put. For all that appears it may be a hotel or a private residence. In such case would the Commissioner of Labor have the power to require the alterations or prescribe the regulations set forth? Clearly not. It is essential to the validity of any notice or order given to or served upon the tenant that it related to his tenancy of a factory, and it is equally essential that

the petition should set forth that the building or premises occupied by the tenant is a factory or tenant factory.

The petition is fatally defective, and the judgment of the Municipal Court should be affirmed, with costs to respondents. All concur.